**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL SMITH, | No. 10-16677 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00648-GEB-GGH |
| v. | |
| GMAC MORTGAGE CO., Affiliates and subscribers, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Samuel Smith appeals pro se from the district court's judgment dismissing

his action alleging Truth in Lending Act ("TILA") and Home Ownership and

Equity Protection Act ("HOEPA") claims.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *King v. California*, 784 F.2d 910, 912 (9th Cir. 1986). We affirm.

The district court properly dismissed Smith's TILA claim seeking damages as time-barred because Smith did not file his action within one year of the alleged violations. *See* 15 U.S.C. § 1640(e) (an action for damages must be brought within one year of the alleged violation).

The district court properly dismissed Smith's TILA claim seeking rescission because the loan at issue was a "residential mortgage transaction" and therefore could not be rescinded under TILA. 15 U.S.C. § 1635(e)(1) (the right of rescission does not apply to a "residential mortgage transaction"); *id.* § 1602(x) (defining a "residential mortgage transaction"). Likewise, the district court properly dismissed Smith's HOEPA claim. *See* 15 U.S.C. §§ 1639, 1602(bb)(1) (exempting "residential mortgage transactions" from the requirements of HOEPA).

Smith's remaining contentions, including those concerning fraud, are unpersuasive.

We do not consider arguments and allegations raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED**.